UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAYMOND J. CERILLI, : | |
| Plaintiff, : | CASE NO. 3:20-cv-1425 (KAD) |
| : | |
| v. : | |
| : | |
| NED LAMONT, et al., : | |
| Defendants. : | |

**ORDERS RE: ECF. Nos. 37, 58, 59 and 60**

**Motion for Appointment of Magistrate Judge – ECF No. 37**

Cerilli asks the court to appoint a magistrate judge in this case "for newly discovered facts."[1] Doc. No. 37 at 1. The only further clarification is his statement, "a magistrate please help in these medical matters." Doc. No. 37 at 7. The remainder of the motion consists of medical records and complaints relating to varied medical issues, many of which are unrelated to this action. It appears that Cerilli seeks a magistrate judge to investigate and evaluate his medical care and then order the care determined to be needed. Such a request is beyond this Court's authority and outside the scope of the duties of a magistrate judge. The court may refer non-dispositive motions to a magistrate judge for ruling or dispositive motions, including motions for preliminary injunctive relief, for an evidentiary hearing and recommended disposition. 28 U.S.C. § 636(b)(1)(A) & (B). The statute does not permit a referral to enable or require the magistrate judge to investigate, recommend and/or implement medical care for a *pro*

---

[1] In support of his motion, Cerilli cites 28 U.S.C. § 636(c)(4), which gives the court the authority, for good cause shown, to vacate a referral to a magistrate judge. It lends no support to Cerilli's request for the appointment of a magistrate judge in this case.

*se* litigant.  Magistrate judges, like district judges, cannot act in an advisory capacity to *pro se* litigants.  *See Piller v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants," and "[r]equiring district courts to advise a *pro se* litigant ... would undermine district judges' role as impartial decisionmakers.").  Cerilli's motion for appointment of a magistrate judge is DENIED.

**Motion for Appointment of Counsel – ECF No. 53**

Cerilli seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915.  The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel.  *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997).  The Second Circuit requires the movant to satisfy "the threshold requirement that the [case] have 'some likelihood of merit.'"  *Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989)).  The current record consists of the Amended Complaint and Answer.  As the defendants deny Cerilli's claim that they have been deliberately indifferent to his medical needs, the Court cannot assess the likely merit of the plaintiff's claims at this time.

The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel.  *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper*, 877 F.2d at 173).  Although Cerilli states that he has contacted many attorneys and legal assistance organizations without success, he does not state that he contacted Inmates' Legal Aid Program ("ILAP"), the organization under contract with the Department of Correction to provide legal assistance to Connecticut inmates.

The contract between ILAP and the Department of Correction provides that ILAP attorneys will draft motions and discovery requests and respond to motions filed by the defendants.  *See* Department of Correction Administrative Directive 10.3(4) (program attorneys can assist in identifying, articulating and researching legal claims, provide legal advice, and prepare meaningful legal papers such as writs, complaints, motions, and memoranda of law), available at portal.ct.gov/DOC/AD/AD-Chapter-10.  Without evidence that ILAP has declined to provide this assistance, Cerilli has not shown that he is unable to obtain legal assistance on his own.  Cerilli's motion for appointment of counsel is DENIED without prejudice as prematurely filed.

**Motion for Extension of Time – ECF No. 59**

The discovery deadline in this case is June 5, 2021.  Cerilli states that he is having difficulty mailing documents out of the facility and seeks an extension of the discovery deadline.  He sets forth a more complete description of his difficulties in his motion to compel, filed on the same day.  The motion for extension of time is GRANTED and the discovery deadline is extended to July 31, 2021.

**Motion to Compel – ECF No. 60**

Cerilli has filed a motion to compel discovery responses.  In the motion, however, he cites difficulties mailing documents to defendants' counsel and assumes that she did not receive his discovery requests.  He also attached a set of discovery requests to his motion and states that he is serving the requests on the defendants electronically.

Federal Rule of Civil Procedure 37 requires that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed.

R. Civ. P. 37(a)(1).  As Cerilli includes no certification, his motion to compel is denied. The court further observes however that it appears that the Motion to Compel is woefully premature as it appears Cerilli is using the motion as a vehicle to serve the discovery he seeks in the first instance.

In this vein, Cerilli is on notice that local court rules provide that discovery requests are not to be filed with the court.  *See* D. Conn. L. Civ. R. 5(f).  Cerilli cannot attach new discovery requests to a motion to compel as a means of circumventing this rule.  However, in light of his alleged mailing difficulties, on this singular occasion, defendants' counsel is requested to consider the discovery requests attached to the motion to compel to have been served on the defendants and to respond accordingly.

**Conclusion**

Cerilli's motion for appointment of magistrate judge [**Doc. No. 37**] is **DENIED**.  His motion for appointment of counsel [**Doc. No. 53**] is **DENIED** without prejudice to refiling.  His motion for extension of time [**Doc. No. 59**] is **GRANTED** and his motion to compel [**Doc. No. 60**] is **DENIED**.

The parties shall complete discovery on or before **July 31, 2021**.  Defendant's counsel is requested to consider as served the discovery requests attached to the motion to compel.

**SO ORDERED** this 9th day of April 2021 at Bridgeport, Connecticut.

/s/
Kari A. Dooley
United States District Judge

4