UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| RAYMOND J. CERILLI, | : | |
| Plaintiff, | : | CASE NO. 3:20-cv-1425 (KAD) |
| | : | |
| v. | : | |
| | : | |
| NED LAMONT, et al., | : | |
| Defendants. | : | |
| | : | |

**RULING AND ORDER**

Plaintiff Raymond J. Cerilli, has filed four motions for preliminary injunctive relief, Docs. No. 39, 44, 47, and 48. Although the court found the last three motions "in many respects inscrutable," Doc. No. 49, in each motion, Cerilli appears to assert that he has received no medical treatment for his various conditions since August 2020. The court therefore ordered the defendants to address Cerilli's claim that he needs, but is not receiving, medical treatment. The defendants have responded to the court's order and oppose all four motions. Cerilli has filed a lengthy objection.

**Standard**

Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S.

Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.,* the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Intern. Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *Transamerica Rental Finance Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties."). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *North Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2001) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994) (other citations omitted). The Supreme Court has repeatedly stated that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the

absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citations omitted). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* (citation omitted).

In addition, because plaintiff must demonstrate a likelihood of success on the merits of his specific claims, Plaintiff's request for preliminary injunctive relief must relate to those claims. *See, e.g., De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit"); *Torres v. UConn Health*, No. 3:17-cv-325(SRU), 2017 WL 3713521, at *2 (D. Conn. Aug. 29, 2017) (preliminary injunctive relief not warranted because claim in motion was unrelated to underlying claims in complaint).

**Discussion**

This case involves claims of deliberate indifference to Cerilli's medical issues regarding blood blisters, pain medication, diet, difficulty urinating, dental treatment, and lumps on his neck and chest. The defendants are Drs. Carson Wright, John Wright, Katz, and Nigel; ROCC Furey; and PA Sollivan.

In his objection, Cerilli does not address the medical concerns that are the actual subject of this action. He complains of a painful right wrist and swollen left toe. Doc. No. 62 ¶¶ 1-2. He acknowledges that issues with his eyes are not part of this case but sets forth claims against the department optometrist. *Id.* ¶ 7. Cerilli complains about treatment by interns at the UConn

Health Center on an unspecified date and regarding an unspecified medical issue, *id.* ¶¶ 11-12, and discusses a possible new case regarding footwear. Id. ¶ 8(A) & (D). As these issues are not part of this lawsuit, Cerilli cannot obtain injunctive relief in this action to address them. To the extent that Cerilli seeks injunctive relief relating to these conditions, his motions are denied.

Further, the defendants have submitted the affidavit of Dr. Cary Freston. Doc. No. 57-1. Dr. Freston describes the process available to Cerilli to obtain medical care at Osborn Correctional Institution and notes that Cerilli was recently seen for complaints of a rash, for which he was prescribed cream, and for refills and adjustments to his medication. Dr. Freston stated that Cerilli's conditions are being treated appropriately. A review of Cerilli's medical records from November 2020 to March 2021, show that Cerilli has not sought treatment of issues relating to his diet, difficulty urinating, or lumps on his neck and chest at any medical visit. Thus, the Court cannot conclude that he is at risk for irreparable harm arising out of these medical issues.

Cerilli also contends that his pain medication was reduced. The medical records reflect that his mid-day oxycodone prescription was reduced from 10 mg to 5 mg because he was diverting medication. Doc. No. 58 at 100, 171, 187. He continues to receive 10 mg in the morning and at night. Cerilli submits a grievance complaining about the reduction in medication dosage. Doc. No. 62 at 87-88. The grievance was denied. The reviewer noted that PA Sollivan had explained why the mid-day dosage was reduced and Cerilli became angry and left the medical unit before she could complete a full assessment of his condition. The reviewer also noted that Cerilli would be assessed at his next visit in March 2021 and could request emergency treatment if needed before then. He presents no evidence showing that he has done so or other

basis upon which this court might conclude that the reduction in his pain medication subjects him to irreparable harm if not enjoined.

Regarding his dental issues, Cerilli claimed that defendants Katz and Furey discontinued his prescription for dexamethasone to treat a condition in his mouth and failed to provide replacement dentures.  Recent medical records submitted by the defendants show that Cerilli has an active prescription for dexamethasone and that his replacement dentures had arrived but Cerilli was not satisfied with their appearance.  New impressions were taken to have the teeth re-set.  Doc. No. 58 at 5, 9.  Cerilli says only that a new dentist cannot help him because he does not know Cerilli's condition.  Cerilli provides no evidence that the dentist cannot review his medical records to ascertain his dental needs.  In fact, the new dentist has re-prescribed dexamethasone and is fitting Cerilli for his dentures.  As Cerilli has not raised any other dental issues with the dentist, his argument that the dentist cannot treat him lacks factual support and is therefore not a basis to find irreparable harm if the Court does not intervene in his dental care.

For all of the foregoing reasons, Cerilli is not entitled to preliminary injunctive relief.

**Conclusion**

Cerilli's motions [**Docs. No. 39, 44, 47, 48**] are **DENIED**.

**SO ORDERED** this 9th day of April 2021 at Bridgeport, Connecticut.

/s/
Kari A. Dooley
United States District Judge

5